IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRED COLE,<br>         Plaintiff,<br><br>vs.<br><br>P.O. McGINTY; PITTSBURGH POLICE DEPARTMENT, Zone 4; CITY OF PITTSBURGH; SGT. VOLBERG, Pittsburgh Police Dept. Zone 4,<br>         Defendants. | Civil Action No. 07-856<br>Judge Gary L. Lancaster/<br>Magistrate Judge Amy Reynolds Hay |

## REPORT AND RECOMMENDATION

I.     Recommendation

It is respectfully recommended that the complaint in the above-captioned case [Dkt. 3] be dismissed for failure to prosecute.

II.     Report

The plaintiff, Fred Cole, has presented a civil rights complaint against P.O. McGinty, Pittsburgh Police Department, Zone 4, City of Pittsburgh, and Sgt. Volberg, Pittsburgh Police Dept. Zone 4, alleging that he was injured while being transported to the Allegheny County Jail after being arrested by P.O. McGinty. Specifically, plaintiff contends that Officer McGinty was driving aggressively "in a pursuit with other officers," and without regard to his safety causing him to fly off his seat and into the front wall of the police wagon while handcuffed behind his back. Plaintiff further alleges that when they arrived at the jail Sgt. Volberg dragged plaintiff out of the police wagon onto the concrete causing him further injury and that he was taken to Southside Hospital for emergency medical care after the Allegheny County Jail refused to take him into custody in his condition.

On January 11, 2008, this Court issued an order directing plaintiff to show cause on or before January 26, 2008, why this action should not be dismissed as to defendant Pittsburgh Police Department, Zone 4, as plaintiff had failed to provide the Marshal's Office with directions for service as it had requested plaintiff to do in letter dated November 1, 2007. Plaintiff failed to respond. In the interim, the Court was informed by the Marshal's Office that plaintiff had been released from SCI Fayette where he had been transferred in August of 2007, and was residing at 2335 S. Braddock Avenue, Pittsburgh, PA 15218. Although the Marshal's Office reissued the letter seeking directions for service to that address, it informed the Court in a letter dated February 17, 2008, that it had still not received directions for service from plaintiff. Accordingly, on February 20, 2008, the Court issued a second order directing plaintiff to show cause on or before March 5, 2008, why the case should not be dismissed for failing to advise the Court of his change of address. That order was returned to the Court marked "Insufficient Address Unable to Forward." As such, plaintiff has not only twice failed to notify the Court of his correct address, but he has failed to respond to two show cause orders. Indeed, the Court has not had any communication from plaintiff or received any other indication that he wishes to proceed with this action since August 30, 2007, when he notified the Court that he had been transferred form the Allegheny County Jail to SCI Fayette.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court. <u>Mindek v. Rigatti</u>, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the Court must consider six factors. These factors, as set forth in <u>Poulis v. State Farm Fire and Casualty Company</u>, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to plaintiff's failure to comply with this Court's orders and failure to notify the Court of his whereabouts which weigh heavily against him. Plaintiff's failure on two occasions to notify the Court of his change of address so that the Court could communicate with plaintiff and his concomitant failure to respond to the Marshal's request for service information and the Court's show cause orders was not only solely his personal responsibility but his failure to do so even now appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by plaintiff's failure to comply with this Court's orders -- other than the expense of filing an Answer to the complaint, there appears to be no specific prejudice to defendants other than general delay. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against plaintiff, although it appears that defendants may have meritorious defenses. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since the plaintiff filed this action in forma pauperis, it does not appear that monetary sanctions

3

are appropriate. Moreover, because he has failed to notify the Court of his change of address so that the case may go forward as evidenced by his failure to provide the Marshal's Office with directions for service as well as his failure to respond to the Court's show cause orders, it appears that the plaintiff has no serious interest in pursuing this case. Therefore, dismissal is the most appropriate action for this Court to take, and it is respectfully recommended that the complaint in the above-captioned case be dismissed since no other sanctions will serve justice. Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, plaintiff is permitted to file written objections by [ ] in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute a waiver of any appellate rights.

                                    Respectfully submitted,

                                    / s/ Amy Reynolds Hay
                                    AMY REYNOLDS HAY
                                    United States Magistrate Judge

Dated: March 10, 2008

cc:     Fred Cole
        2335 S. Braddock Avenue
        Pittsburgh, PA 15218

        All Counsel of record by Notice of Electronic Filing